J-S01044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIELLE BECKER | : | |
| | : | |
| Appellant | : | No. 978 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 25, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002777-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIELLE KLINEFELTER | : | |
| | : | |
| Appellant | : | No. 979 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 25, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001211-2018

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JANUARY 29, 2021**

Appellant[1] appeals from the March 25, 2020, judgment of sentence

entered in the Court of Common Pleas of Luzerne County following Appellant's

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that "Danielle Becker" and "Danielle Klinefelter" are the same person. The record does not reveal the reason for the discrepancy in Appellant's last name.

guilty plea at lower court docket number CP-40-CR-0002777-2017 ("2777-2017") to one count of DUI-general impairment-first offense, 75 Pa.C.S.A. § 3802(a)(1), and at lower court docket number CP-40-CR-0001211-2018 ("1211-2018") to one count of DUI-general impairment-second offense, 75 Pa.C.S.A. § 3802(a)(1), one count of DUI-highest rate of alcohol, 75 Pa.C.S.A. § 3802(c), and one count of DUI while BAC .02 or greater while license is suspended, 75 Pa.C.S.A. § 1543(b)(1)(1.1)(i).

Additionally, Appellant's counsel has filed a petition seeking to withdraw his representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief"). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history are as follows: On May 13, 2019, Appellant, who was represented by counsel, entered an open guilty plea to the charges indicated *supra* in docket numbers 2777-2017 and 1211-2018.

As to docket number 2777-2017, Appellant admitted that, on June 23, 2017, in Hanover Township, Pennsylvania, she drove her vehicle while under the influence of alcohol to a degree that she was incapable of safe driving, and she was involved in an automobile accident. N.T., 5/13/19, at 6. As to docket number 1211-2018, Appellant admitted that, on January 21, 2018, in Nanticoke, Pennsylvania, she drove her vehicle while under the influence of

alcohol to a degree that she was incapable of safe driving, and she was involved in an automobile accident. *Id.* at 7. She further admitted that her BAC was .247% within two hours after she was driving on January 21, 2018, and she was driving with her license suspended. *Id.*

On February 27, 2020, Appellant filed a counseled motion to withdraw her guilty plea entered at docket number 2777-2017, and at the commencement of the sentencing hearing on March 25, 2020, the learned trial court denied the motion.[2]

With regard to sentencing, the trial court indicated it had reviewed a presentence investigation report ("PSI report"). N.T., 3/25/20, at 7. Defense counsel noted the PSI report did not include all of the credit for time served by Appellant. Specifically, defense counsel indicated Appellant failed to appear at the sentencing hearing, which was originally scheduled in December of 2019, and Appellant was thereafter apprehended by the police in January of 2020, at which time she was incarcerated. *Id.* at 8. The parties and the trial court agreed that Appellant was entitled to a total of 107 days for time served in the instant matters. *Id.* at 9.

_____

[2] In denying the motion, the trial court explained that Appellant had twice previously entered a guilty plea for the charges at docket number 2777-2017, and she was twice permitted to withdraw her plea. N.T., 3/25/20, at 3-6. The trial court indicated it was satisfied that Appellant entered her May 13, 2019, guilty plea voluntarily and knowingly, and therefore, the trial court denied her request to again withdraw her guilty plea for docket number 2777-2017. *See id.*

- 3 -

The trial court acknowledged its understanding of the sentencing guideline ranges and mandatory sentences. *Id.* The Commonwealth indicated Appellant had a prior record score of 3. *Id.* at 10. Defense counsel stated the following:

> We would note that [Appellant] is RRRI eligible. I believe this case has been kicked around between DAs. At that point where she had missed her sentencing in December, [ADA] McLaughlin was on the case, and he and I came to realize that she was not here, but we both believed that given this is a third and fourth DUI within ten years, she very likely needs treatment. And we had discussed sending her for an SIP evaluation, given she'll be given state time on these charges.
>
> As we all know, the SIP program since then has changed to the state drug treatment program, so we would request that Your Honor run these concurrent with each other and make her eligible for the state drug treatment program, as I think the record is clear that she needs some treatment.

*Id.*

Appellant informed the trial court that she had been sober for three years. *Id.* at 12.

The trial court indicated the following:

> [Appellant] has done everything in her power to avoid these charges. She's done everything in her power not showing up at sentencings twice. She writes me letters every day from prison because I've reviewed every letter. Clearly, she needs drug and alcohol treatment.
>
> On 1211 of '18, Count 1: 1 year to 2 years in a state correctional facility.
>
> Count 2 merges with Count 1 for sentencing.
>
> Count 3: 90 days in a state correctional [facility] plus $1,000 fine. That will be concurrent to Count 1.

> On the DUI, it's a $1500 fine. 18-month license suspension. 12-month ignition interlock device. Alcohol highway safety school.
>
> Restitution for the vehicle damage to Amy Bennett or Steven Bennett of $473.63 for vehicle damage[.]
>
> ***
>
> On 2777 of '17, 1 year to 2 years in a state correctional facility. This case number will be consecutive and not current to the sentence imposed on 1211 of '18, Count 1.
>
> So, it's a total of 2 to 4 years in a state correctional facility.
>
> ***
>
> I will make her eligible for the state drug treatment program. She is RRRI eligible.

*Id.* at 11-12. The trial court provided Appellant with her post-sentence and appeal rights. *Id.* at 12-13.

On March 26, 2020, Appellant filed at both docket numbers a counseled motion seeking to modify and/or reduce her sentence. On July 22, 2020, the trial court denied the post-sentence motion at both docket numbers, and on that same date, Appellant filed a separate counseled notice of appeal at each docket number.[3] All Pa.R.A.P. 1925 requirements have been met.

On November 10, 2020, counsel filed in this Court a petition seeking to withdraw his representation, as well as an ***Anders*** brief. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

---

[3] This Court consolidated the appeals.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349,

- 6 -

353 (Pa.Super. 2007) (citation omitted). Substantial compliance with the *Anders* requirements is sufficient. *See id.*

Herein, counsel filed a petition to withdraw as counsel and an *Anders* brief. His brief and petition substantially comply with the technical requirements of *Anders* and *Santiago*. Moreover, counsel has provided this Court with a copy of the letter, which he sent to Appellant advising her of her right to retain new counsel, proceed further with her case *pro* se, and raise any points that she deems worthy of this Court's attention. *See Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005). Therefore, we proceed to examine the issues counsel identified in the *Anders* brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

In the *Anders* brief, counsel sets forth the following issues in the "Questions Presented for Review" (verbatim):

1. Whether the trial court committed an error of law or abuse of discretion in failing to issue concurrent sentences.
2. Whether the trial court abused its discretion or committed an error of law in failing to consider the Appellant's need for substance abuse treatment or other forms of rehabilitation in fashioning its sentence.

***Anders*** Brief at 1.[4]

Appellant's issues present a challenge to the discretionary aspects of her sentence. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa.Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [her] issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa.Super. 2011) (citation omitted). Here, assuming, *arguendo*, all of these requirements have been met, we conclude Appellant's sentencing issues are meritless.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[4] Although the ***Anders*** brief sets forth two separate sentencing issues, counsel discusses the issues together in one argument section. We shall treat the issues in a similar manner.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question...." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010).

Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. ***Id.*** "In particular, the court should refer to the defendant's prior criminal record, [her] age, personal characteristics and [her] potential for rehabilitation." ***Commonwealth v. Griffin,*** 804 A.2d 1, 10 (Pa.Super. 2002).

Instantly, the trial court had the benefit of a PSI report at sentencing. Therefore, we can presume the court considered the relevant factors when sentencing Appellant. ***See Commonwealth v. Tirado***, 870 A.2d 362 (Pa.Super. 2005) (stating where sentencing court had benefit of PSI, law

presumes court was aware of and weighed relevant information regarding the defendant's character and mitigating factors).

Moreover, during the sentencing hearing, the trial court specifically indicated it reviewed the PSI report and was aware of the sentencing guideline ranges. N.T., 3/25/20, at 7, 9. Additionally, in as much as the trial court judge was also the sentencing judge, the judge was aware of the gravity of Appellant's DUI offenses, including the fact that the incidents resulted in automobile accidents.

Further, the trial court heard defense counsel's argument that Appellant requires drug and alcohol treatment, as well as defense counsel's request that the trial court impose all sentences concurrently. *Id.* at 10. In response, the trial court acknowledged Appellant requires drug and alcohol treatment, and in imposing Appellant's sentence, the trial court specifically directed she is "eligible for [the] state drug treatment program." *Id.* at 10, 12. However, with regard to the imposition of all concurrent, as opposed to consecutive sentences, the trial court noted that Appellant improperly attempted to avoid punishment for her actions by twice failing to appear for scheduled sentencing hearings. *Id.* at 10.

Moreover, in its Rule 1925(a) Opinion, the trial court relevantly indicated the following:

> Before sentencing [Appellant], [the trial court] had an opportunity to review the [PSI] report prepared by the Luzerne County Probation Department and consider the information contained therein. Although [Appellant] indicated at sentencing

that she had been sober for three years on her own, she was made eligible for the state drug treatment program. N.T., 3/25/20, at 12. Her three year sobriety claim is doubtful since both of the DUI offenses occurred within three years of the date of sentencing. She was also made eligible for the Recidivism Risk Reduction Incentive Program. *Id.* Her RRRI minimum sentence was eighteen months. *Id.* [Appellant's] need for substance abuse treatment and rehabilitation were considered and addressed.

[Appellant] was sentenced within the standard range of the sentencing guidelines and discretion was exercised in running the two driving under the influence sentences consecutive to each other. The imposition of consecutive sentences based on the facts of this case was appropriate. A sentence of two to four years is neither unreasonable nor excessive. No abuse of discretion occurred.

Trial Court Opinion, filed 9/14/20, at 4-5.

We agree with the trial court's sound reasoning. With regard to Appellant's claim the trial court failed to consider her need for rehabilitation and substance abuse treatment, the record belies her claim.

With regard to her claim the trial court abused its discretion in imposing sentences consecutively, the record reveals Appellant pled guilty to numerous DUI offenses in connection with two separate incidents: one occurring on June 23, 2017, and one occurring on January 21, 2018. While the trial court imposed consecutive sentences for one count of DUI under 75 Pa.C.S.A. § 3802(a)(1) for docket number 2777-2017, and one count of DUI under 75 Pa.C.S.A. § 3802(c) for docket number 1211-2018, the trial court either imposed all other sentences concurrently or determined the offenses merged for sentencing purposes.

In so doing, the trial court considered the mitigating factors, along with the need to protect the public, the gravity of Appellant's offenses, and Appellant's rehabilitative needs. 42 Pa.C.S.A. § 9721(b).  We agree with the trial court that Appellant was not entitled to a "volume discount" by having all of her sentences run concurrently. ***See Commonweath v. Swope***, 123 A.3d 333 (Pa.Super. 2015) (holding an appellant is not entitled to a volume discount for crimes).  Thus, Appellant is not entitled to relief on her claims.

After examining the issues contained in the ***Anders*** brief, we agree with counsel that the appeal is wholly frivolous.  "Furthermore, after conducting a full examination of all the proceedings as required pursuant to ***Anders***, we discern no non-frivolous issues to be raised on appeal." ***Yorgey***, 188 A.3d at 1195.  Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/29/2021

- 12 -